# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Adel Kadri,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-14-0540-PHX-ROS (JFM)<br><br>**Report & Recommendation On Petition For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Arizona State Prison Complex at Yuma, Arizona, filed through counsel a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 14, 2014 (Doc. 1). On November 10, 2014, Petitioner filed his Supplement (Doc. 18). On December 15, 2014 Respondents filed their Response ("Limited Answer") (Doc. 20). Petitioner has not replied.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

As a result of a search incident to a traffic stop, Petitioner was indicted on May 15, 2009 in Maricopa County Superior Court on five counts of possession of dangerous drugs for sale, marijuana for sale, and drug paraphernalia. (Exhibit A, Indictment.) (Exhibits to the Answer, Doc. #, are referenced herein as "Exhibit ___.") Petitioner

1

proceeded to trial with counsel, but on the third day absented himself, and the trial proceeded *in absentia*. (Exhibit C, M.E. 2/16/10.) Petitioner was convicted on all counts. (Exhibit B, Verdicts.)

On May 12, 2010, Petitioner appeared for sentencing and was sentenced (based on a stipulation to five priors) to concurrent terms, the longest of which was 15.75 years. (Exhibit D, Sentence.)

### B.  PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal. (Exhibit H, Not. Appeal.) Petitioner argued error in accepting the stipulation to the prior convictions without obtaining a knowing and voluntary waiver from Petitioner. (Exhibit I, Opening Brief.)

On October 25, 2011, the Arizona Court of Appeals affirmed Petitioner's convictions, but remanded for a determination whether Petitioner had been prejudiced at sentencing by the lack of adequate advice from the Court on the stipulation, and resentencing if necessary. (Exhibit L, Mem. Dec.)

Petitioner did not seek further review. (Exhibit M, Mandate.)

### C.  RESENTENCING

On January 27, 2012, the trial court held a hearing on the remand, advised Petitioner of his right to a hearing on his prior convictions, Petitioner waived that right, and the Court concluded that there was no prejudice from the previous inadequate advice from the Court and affirmed the prior sentencing. (Exhibit N, M.E. 1/27/12.)

Petitioner did not seek further direct review. (Supplement, Doc. 18 at 6; Answer, Doc. 20 at 4.)

### D.  PROCEEDINGS ON POST-CONVICTION RELIEF

**First PCR Petition** - On August 4, 2010, during the pendency of his direct appeal, Petitioner filed, through counsel, a Notice of Post-Conviction Relief (Exhibit O).

2

Petitioner eventually filed an amended PCR Petition (Exhibit S) arguing ineffective assistance of counsel as a result of counsel's failure to file a motion to suppress, failure to adequately prepare for trial, and failure to redact a video interview of Petitioner. After an evidentiary hearing (Exhibit CC, M.E. 9/9/11), the PCR court denied the petition. (Exhibit FF, Ruling 11/3/11.)

On November 15, 2011, Petitioner filed a Motion for Reconsideration (Exhibit GG), which the PCR court denied in a Minute Entry (Exhibit HH) dated November 22, 2011 and filed November 23, 2011. Petitioner did not seek further direct review of the PCR petition.

**Petition for Special Action** – Some eight months later, on August 3, 2012,[1] Petitioner filed through counsel a Petition for Special Action to the Arizona Court of Appeals (Exhibit II). The petition argued that the PCR court had abused its discretion in denying the petition, and PCR counsel rendered ineffective assistance in failing to timely seek review.

In an Order filed August 7, 2012 (Exhibit KK), the Arizona Court of Appeals dismissed the petition.

Petitioner filed a Petition for Review by the Arizona Supreme Court (Exhibit LL), which was summarily denied on January 31, 2013. (Exhibit MM, Order 1/31/13.)

## E. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 14, 2014 (Doc. 1). Petitioner's Petition asserts the following three grounds for relief:

> In Ground One, Petitioner alleges that he received ineffective assistance from his trial counsel during the pre-trial proceedings. In Ground Two, Petitioner alleges that he received ineffective assistance from his trial counsel during trial, in violation of his Sixth

---

[1] The copy of Exhibit II provided by Respondents is not file stamped. Similarly, the copy provided by Petitioner (Supplement, Doc. 18, Exhibit T) is not file stamped. The Petition alleges it was filed August 3, 2012. (Doc. 1 at 4 ("5").) Respondents report August 3, 2012 as the filing date. (Answer, Doc. 18 at 11.)

3

Amendment rights. In Ground Three, Petitioner alleges that he received ineffective assistance from his direct appeal counsel. (Order 8/12/14, Doc. 10 at 3.)

Petitioner subsequently moved for an extension of time to amend or supplement (Doc. 16).  The Court granted that motion, but observed: "In the event Petitioner moves to amend his petition (e.g. to assert new or revised claims) as opposed to simply supplementing the argument on the claims already raised, Petitioner must use the Court approved form."  (Order 9/15/14, Doc. 17.)

On November 10, 2014, Petitioner filed his Supplement (Doc. 18), arguing *inter alia* that he is entitled to equitable tolling of the habeas statute of limitations

**Response** - On December 15, 2014, Respondents filed their Response ("Limited Answer") (Doc. 20).  Respondents argue that the Petition is untimely and Petitioner has filed to show grounds for equitable tolling.

**Reply** – The Court's service Order provided "Petitioner may file a reply within 30 days from the date of service of the answer."  (Order 8/12/14, Doc. 10 at 4.)  That time has passed and Petitioner has not replied.

### III. APPLICATION OF LAW TO FACTS

**1.  One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

**2.  Commencement of Limitations Period**

**Conviction Final** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion

of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2]

Here, Petitioner's direct appeal remained pending through October 25, 2011, when the Arizona Court of Appeals denied his Petition for Review. (Exhibit L, Mem. Dec..) Thereafter Petitioner had 30 days, plus five for notice by mail, to seek review by the Arizona Supreme Court. Ariz. R. Crim. P. 31.19(a); Ariz. R. Crim. P. 1.3; *State v. Zuniga*, 163 Ariz. 105, 106, 786 P.2d 956, 957 (1990). Accordingly, in the ordinary course, Petitioner's conviction would have been final on Tuesday, November 29, 2011, and his one year limitations period would begun running on November 30, 2011.

Here, however, Petitioner was granted relief in his direct appeal, and the matter was remanded to the trial court for a prejudice determination. That occurred on January 27, 2012, when the trial court found no prejudice, and thus "affirmed" Petitioner's existing sentence. (Exhibit N, M.E. 1/27/12.) Respondents argue that Petitioner thereafter had the right to seek a direct appeal of that order. (Answer, Doc. 20 at 4, 13.) Petitioner agrees. (Petition, Doc. 1 at 15.)

In *Burton v. Stewart*, 549 U.S 147 (2007), the Court concluded that for purposes of the habeas statute of limitations, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Id.* at 799 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). *See also Ferreira v. Secretary, Dept. of Corrections*, 494 F.3d 1286 (11th Cir. 2007) (holding re-sentencing judgment is relevant one, even if challenge is directed only to earlier conviction). Here, the trial court's affirmation of its prior sentence was, arguably, a resentencing.

Even if not viewed as a resentencing, but as a part of the continuant of the direct appeal, there appears no reason to reject Respondents' assertion that Petitioner's remedy was in either event to seek further direct review of that order by filing a notice of appeal.

Petitioner's time to file a notice of appeal expired 20 days after the trial court's

---

[2] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Petitioner proffers no argument that any of these apply.

order of January 27, 2012.  Ariz. R. Crim. P. 31.3.  Petitioner did not file such a notice. Accordingly, Petitioner's conviction became final by the conclusion of direct review, or the time for such review, on February 16, 2012.

**Conclusion re Commencement** - Therefore, Petitioner's one year began running on February 17, 2012, and without any tolling expired on February 16, 2013, making his March 14, 2014 Petition over one year delinquent.

### 3.  Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  This provision only applies to state proceedings, not to federal proceedings.  *Duncan v. Walker*, 533 U.S. 167 (2001).

Petitioner's limitations period commenced running on February 17, 2012. Petitioner's PCR proceeding was commenced on August 4, 2010, long before his limitations period began running.  It remained pending until November 22, 2011, when the PCR court denied Petitioner's Motion for Reconsideration.  (Exhibit HH, M.E. 11/22/11.)  At that point, Petitioner's habeas limitations period still had not begun to run.

Petitioner's next application seeking relief from his conviction was his Petition for Special Action (Exhibit II), which was filed August 3, 2012.  This proceeding was not a continuation of the PCR petition, but a separate proceeding asserting new claims of ineffective assistance of PCR counsel.  *See King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (gap tolling between successive rounds of state proceedings only applies if second petition limited to seeking review of first petition).  At that time, 168 of Petitioner's 365 days had expired and 197 days remained.

Petitioner argues without explanation that this special action did not toll the habeas statute of limitations. (Petition, Doc. 1 at 15.)  The undersigned finds no basis to conclude that it did not.  It was a properly filed application for collateral relief with

respect to the pertinent judgment. *See* 28 U.S.C. § 2244(d)(2).[3]

That proceeding remained pending until January 31, 2013 when the Arizona Supreme Court denied review. (Exhibit MM, Order 1/31/13.) Thus Petitioner's limitations period began running again on February 1, 2013, and expired 197 days later, on August 17, 2013. Because that date was a Saturday, Petitioner had through Monday, August 19, 2013 to file his federal habeas petition. *See* Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"); and *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Fed. R. Civ. P. 6(a) to AEDPA statute of limitations grace period).

Thus, even with the statutory tolling for Petitioner's special action proceeding, his March 14, 2014 Petition was over six months delinquent.

**4. Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the

---

[3] Perhaps Petitioner confuses the standard for exhaustion with that for statutory tolling. It is true that an Arizona petition for special action generally does not constitute a fair presentation for purposes of exhaustion of state remedies. *See Roettgen v. Copeland,* 33 F.3d 36, 38 (9th Cir. 1994) (Arizona state habeas petition not fair presentation). But it does not prevent statutory tolling.

7

> extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.). Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner argues that he is entitled to equitable tolling. As evidence of the impediments and his diligence, Petitioner argues that trial counsel, appellate counsel, counsel on remand, and PCR counsel all failed to provide effective assistance.

Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001). A "garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.' " *Holland v. Florida*, 560 U.S. 631, 651-652 (2010). Rather, the attorney's misconduct must rise to the level of extraordinary circumstances. *Id.* In *Maples v. Thomas,* 560 U.S. 631 (2012), the Court explained that while agency law binds clients, including federal habeas petitioners, to their attorneys' negligence, "a client cannot be charged with the acts or omissions of an attorney who has abandoned him." *Id.* at 924.

Here, Petitioner argues nothing but garden variety negligence or malpractice.

With respect to trial counsel, Petitioner simply argues that trial counsel failed to pursue various defenses, *e.g.* failing to pursue Petitioner's assertion that "the detaining officer could not have seen Petitioner commit a traffic offense as claimed" (Supplement, Doc. 18 at 4), failed to focus on entry of the street into a turn lane (rather than focusing

on failure to stop at the edge of private property) in the motion to suppress (*id.* at 4-5; Petition, Doc. 1 at 14 ("15")), and failed to redact the video tape of Petitioner's interview prior to its presentation to the jury (Supplement, Doc. 18 at 5).

Petitioner argues that appellate counsel similarly failed to raise claims based upon trial error (as opposed to the sentencing errors claims). (Petition, Doc. 1 at 14 ("15"); Supplement, Doc. 18 at 6.)

Petitioner argues that his counsel at resentencing "did not file a notice of appeal on Petitioner's behalf, and did not advise Petition of the right to appeal." (Supplement, Doc. 18 at 6.) Petitioner argues that the same counsel had previously failed to advise him of his rights to appeal the adverse ruling in his PCR proceeding. (Petition, Doc. 1 at 14 ("15"); Supplement, Doc. 18 at 8.)

Each of these complaints are nothing more than garden variety claims of negligence. They do not approach the kinds of extreme misconduct that have found to establish grounds for equitable tolling. *See e.g. Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010) (attorney's repeated failures to respond to a client's inquiries over a period of years, and demands for timely action, might establish equitable tolling); *Gibbs v. LeGrand*, 767 F.3d 879 (9th Cir. 2014) (grounds for equitable tolling where counsel failed, despite the petitioner's repeated inquiries, to inform that the state court had denied the appeal state post-conviction petition, with habeas limitations period expiring in the interim). Petitioner points to no comparable abandonment by counsel.

Moreover, he makes no suggestion that such counsel had been retained to pursue Petitioner's habeas rights, or that their failures somehow delayed him in doing so himself.

At most, these deficiencies might suggest potential cause for a failure to properly exhaust his state remedies. Indeed, Petitioner cites to the Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). (Petition, Doc. 1 at 14 ("15").) However, *Martinez* is inapplicable to an equitable tolling analysis. In *Martinez*, the Court held that ineffective assistance of PCR counsel in failing to bring a claim of ineffective assistance

of trial counsel could, in some circumstances, constitute cause to excuse a procedural default and failure to properly exhaust such a claim. *Martinez* was founded upon the recognition that in many states a PCR proceeding was the first opportunity to assert a claim of ineffectiveness of trial counsel, and thus despite the existence of a constitutional right to PCR counsel the ineffectiveness of such counsel could justify a failure to exhaust state remedies on such a claim. But here, Petitioner is not being faulted for failing to exhaust his state remedies, but for filing too late. The issue is not whether Petitioner properly exhausted his state remedies, but whether extraordinary circumstances precluded him from filing a timely federal habeas petition. A petitioner may be dependent upon counsel in the state proceedings to exhaust his state remedies on a claim, but he is not *ipso facto* dependent upon such counsel for filing a timely federal petition.

And, while Petitioner was required to exhaust his state remedies, the failing of his state court counsel did not preclude a timely habeas filing. Indeed, in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court analyzed the potential catch-22 between the habeas limitations period and the exhaustion requirement, where a state petitioner has filed a state post-conviction relief proceeding which may ultimately be deemed untimely, thus not properly filed, and resulting in the expiration of his habeas limitations period. "A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id.* at 416. Petitioner proffers no reason why this avenue was not available to him.

Moreover, Petitioner proffers nothing beyond his bald assertions that he was diligent in pursuing his federal habeas petition. Petitioner had 197 days after the conclusion of his last state proceeding, when the Arizona Supreme Court rejected his Petition for Special Action, to file his federal habeas petition. Petitioner proffers no explanation for his failure to file his petition within those 197 days.

Accordingly, the undersigned finds no basis for equitable tolling.

**5. Actual Innocence**

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup,* 513 U.S. at 316).

Petitioner makes no explicit claim of actual innocence in this proceeding.

At best, he argues that some evidence at trial should not have been admitted, *e.g.* some should have been suppressed based upon assertions that the search was unconstitutional, and some was improperly prejudicial evidence regarding prior bad acts by Petitioner. (Petition, Doc. 1 at 5 ("6").) However, "[i]n determining whether a petitioner meets the actual innocence standard, the court considers all available evidence, including evidence 'alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.' *Weaver v. Attorney Gen. of Montana*, 597 F. Supp. 2d 1126, 1129 (D. Mont. 2008) (quoting *Schlup*, 513 U.S. at 327). Petitioner makes no suggestion the evidence to be suppressed lacked credibility, or that the prior bad acts evidence was irrelevant and yet necessary to conviction.

In sum, Petitioner proffers no new evidence of his actual innocence, and makes no argument that this Court could find on the basis of all the available evidence a probability that no reasonable juror would have convicted him.

//

**6. Summary re Statute of Limitations**

Petitioner's one year habeas limitations period commenced running on February 17, 2012, was tolled during the pendency of his Special Actin proceeding (from August 3, 2012 until January 31, 2013), and expired on August 17, 2013. Accordingly, Petitioner's March 14, 2014 Petition was over six months delinquent. Petitioner has shown no basis for additional statutory tolling, and no basis for equitable tolling or actual innocence to avoid the effects of his delay. Consequently, the Petition must be dismissed with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, the undersigned finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed March 14, 2014 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any

findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: March 23, 2015

14-0540r RR 15 03 18 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge