# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jason Adel Kadri,

        Petitioner,

v.

Charles L. Ryan, et al.,

        Respondents.

No. CV-14-00540-PHX-ROS

**ORDER**

    Before the Court is Petitioner Jason Adel Kadri's objection to the report and recommendation of the Magistrate Judge. (Docs. 24, 21). For the following reasons, the magistrate judge's recommendation will be adopted in full and the petition denied.

## BACKGROUND

    Petitioner was indicted on May 15, 2009 in Maricopa County Superior Court on five counts of possession of dangerous drugs for sale, marijuana for sale, and drug paraphernalia. Prior to trial, Petitioner's counsel moved to suppress evidence based on an alleged lack of reasonable suspicion for the traffic stop during which the evidence was obtained. The motion was denied. Petitioner was eventually convicted on all counts. On May 12, 2010, he was sentenced to 15.75 years in prison based at least in part on his stipulation to five prior convictions.

**I. Appeal of Sentence**

    Petitioner appealed claiming counsel had not fully advised him of his rights before entering the stipulation. On October 25, 2011, the Arizona Court of Appeals held in his

favor, finding the record did not show Petitioner had been fully apprised of his constitutional rights and that documents supporting his five convictions were not admitted before the trial court. Based on this, the court remanded for the trial court to determine whether Petitioner would have stipulated to the convictions if he had been afforded a full colloquy, in other words, if he could prove prejudice with respect to the error that had been found. On January 27, 2012, following a hearing, the trial court held no prejudice had occurred and affirmed Petitioner's sentence.

**II. Appeal of Conviction**

At the same time he was appealing his sentence, Petitioner also filed a petition for post-conviction relief, arguing, on various grounds, that he had suffered ineffective assistance of counsel.[1] On November 3, 2011, following oral argument and an evidentiary hearing, the court denied the petition on the merits. The court also denied the motion for reconsideration that followed. Petitioner did not appeal that denial.

Approximately eight months later, on August 3, 2012, Petitioner filed a Petition for Special Action, arguing the PCR court had abused its discretion and that PCR counsel was ineffective in failing to timely seek review of the court's decision.[2] On August 7, 2012, the Arizona Court of Appeals dismissed the petition. Petitioner's Petition for Review by the Arizona Supreme Court was likewise denied on January 31, 2013.

On March 14, 2014, Petitioner filed the present Petition for Writ of Habeas Corpus. The Magistrate Judge determined the petition was untimely and recommended denial. Petitioner argues equitable tolling is appropriate and renders his petition timely.

---

[1] Petitioner claimed: (1) trial counsel failed to timely file a motion to suppress without which the State could not have prevailed at trial; (2) trial counsel failed to adequately prepare for trial; (3) trial counsel failed to ensure that a video of a police interrogation containing unfairly prejudicial statements was properly redacted as mandated by a pre-trial order to omit prior act evidence; and (4) trial counsel failed to contest the credibility of the detaining officer on cross-examination.

[2] Petitioner appears to attempt to explain this lengthy delay by pointing to a reorganization of the Public Defender's office, which allegedly affected his representation. But the turnover in Petitioner's counsel occurred at the trial level, not on appeal.

# ANALYSIS

## I. Standard of Review for Report and Recommendation

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to a magistrate judge's report and recommendations, a district court's review of the part objected to is to be *de novo*. *Id. See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Mortensen v. BAC Home Loans Servicing, LP*, 1:10-CV-00298-EJL, 2013 WL 943085 (D. Idaho Mar. 8, 2013).

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners have a one-year period in which to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Generally, the limitations period runs from the latest of either the date on which the judgment became final through the conclusion of direct review or the date on which the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Equitable tolling is available when a petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way, and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotation marks omitted).

Even if untimely, a court may consider a petition for writ of habeas corpus if it raises a claim of actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-35 (2013). To prevail on such a claim, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327(1995)).

## III. Statute of Limitations

This case is a bit unusual because Petitioner began seeking post-conviction relief before the judgment against him became final. The original judgment was remanded for

further proceedings and the Superior Court reentered a judgment on January 27, 2012. Petitioner could have appealed the January 27 decision until February 16, 2012. He did not. Therefore, the Magistrate Judge calculated the deadline as follows.

Petitioner's one year for filing a petition for writ of habeas corpus began running on February 17, 2012. By that time, Petitioner had already filed a petition for post-conviction relief with the state court and been denied such relief. Thus, as of February 17, 2012 Petitioner did not have any petition for post-conviction relief pending. For roughly five and a half months, from February 17 to August 4, Petitioner took no action to further his case. His objection to the report and recommendation does not explain this lack of action.

On August 3, 2012, Petitioner filed a Petition for Special Action, which the Magistrate Judge concluded tolled the statutory period under 28 U.S.C. § 2244(d)(2). The statutory tolling ended and the statute of limitations again began to run on January 31, 2013, when the Arizona Supreme Court denied Petitioner's Petition for Review. Taking into account this period of statutory tolling, Petitioner's one-year statute of limitations for filing his petition for writ of habeas corpus expired on August 17, 2013. Because August 17 was a Saturday, Petitioner had until August 19, 2013, the following Monday, to file his petition. He did not file it, however, until March 14, 2014, six months past the deadline.

In reaching this conclusion, the Magistrate Judge specifically addressed Petitioner's argument that he is entitled to equitable tolling. The Magistrate Judge found Petitioner's claims of ineffective assistance did not qualify him for equitable tolling because they amounted to "nothing but garden variety negligence," not the "extreme misconduct" required for equitable tolling. (Doc. 21 at 8-9). In addition, the Magistrate Judge noted Petitioner's claims of ineffective assistance relate to exhaustion (failure to raise certain claims) rather than timeliness (failure to file the petition within the statutory period). Further, the Magistrate Judge concluded Petitioner's "bald assertions" of diligence were insufficient to meet the standard for equitable tolling, as he failed to

provide any explanation—other than his flawed argument regarding ineffective assistance of counsel—for his failure to file his petition within the statutory period.

Petitioner does not point to specific flaws in the Magistrate Judge's analysis. Instead, he merely cites the turnover in his representation as grounds for equitable tolling. But, as previously stated, that turnover occurred during trial, well before the statute of limitations for habeas began to run.

To make his petition timely, Petitioner would have needed to qualify for equitable tolling for at least six months *after* the statutory period began to run. Petitioner has made no such showing. He fails to identify a period of time after February 17, 2012 during which he made diligent efforts to pursue his rights but was thwarted by extraordinary circumstance. Therefore, Petitioner is not entitled to equitable tolling, and the Magistrate Judge was correct in determining his petition was untimely.

**IV. Actual Innocence**

Petitioner also seeks to avoid the statute of limitations by arguing he would never had been convicted had his suppression claim been properly presented in a timely manner prior to trial. He maintains his trial counsel, in addition to moving to suppress evidence due to lack of probable cause for his traffic stop, should have moved to suppress on the grounds that Petitioner's conduct did not constitute a traffic violation as a matter of law.

Petitioner confuses the standard for claims of actual innocence. The standard is *not*: Would Petitioner have been convicted if certain evidence had been excluded? Rather, the standard of review is: Considering *all reliable evidence*, whether admissible or not, is it more likely than not Petitioner would not have been convicted? As the Supreme Court has stated, the focus of the inquiry is *actual* innocence, not whether, *excluding* certain evidence, the Petitioner would have been exonerated. *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995). Petitioner makes no claim or showing the evidence he sought to suppress was unreliable, nor does he proffer new evidence showing his innocence. Therefore, Petitioner is not entitled to relief on this ground.

Accordingly,

**IT IS ORDERED** the Magistrate Judge's report and recommendation, (Doc. 21),

1  is **ADOPTED IN FULL**, and the Petition for Writ of Habeas Corpus, (Doc. 1), is
2  **DISMISSED.**
3      **IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because
4  Petitioner has not made a substantial showing of the denial of a constitutional right.
5      Dated this 8th day of May, 2015.

Honorable Roslyn O. Silver
Senior United States District Judge